UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ANDERSON,<br><br>Defendant. | Case No. 2:13-cr-00123-APG-PAL<br><br>**ORDER** |

I previously ordered the Attorney General to hospitalize defendant Christopher Anderson for psychological treatment and examination. (Dkt. #6.) Subsequently, the Bureau of Prisons diagnosed Mr. Anderson with schizophrenia. The Government has requested that Mr. Anderson be involuntarily medicated to restore him to competency so he may stand trial. A *Sell* hearing is required before I may do so. *Sell v. United States*, 539 U.S. 166 (2003). But a *Sell* hearing is not the first stage of inquiry.

> "The Supreme Court clearly intends courts to explore other procedures, such as *Harper* hearings (which are to be employed in the case of dangerousness) before considering involuntary medication orders under *Sell*." *United States v. Rivera–Guerrero*, 426 F.3d 1130, 1137 (9th Cir.2005). Because *Sell* orders are "disfavored," *id.*, the district court, in an ordinary case, should refrain from proceeding with the *Sell* inquiry before examining dangerousness and other bases to administer medication forcibly. Accordingly, prior to undertaking the *Sell* inquiry, a district court should make a specific determination on the record that no other basis for forcibly administering medication is reasonably available.

*United States v. Hernandez-Vasquez*, 513 F.3d 908, 914 (9th Cir. 2008).

In the present case, the Bureau of Prisons conducted a Due Process Involuntary Medication Hearing concerning Mr. Anderson on January 30, 2015. The hearing officer concluded that Mr. Anderson did not pose dangerous behavior that necessitated psychiatric treatment against his will. I assume this is why the Government has not asked for involuntary medication due to dangerousness, as under *Washington v. Harper*, 494 U.S. 210 (1990). But I am loathe to make assumptions like this when significant liberty interests are at stake. Moreover, as

quoted above, the Ninth Circuit has counseled district judges to "refrain from proceeding with the *Sell* inquiry before examining dangerousness **and other bases** to administer medication forcibly." *Hernandez-Vasquez*, 513 F.3d at 914 (emphasis added).

Therefore, on or before June 25, 2015, the Government shall file a brief explaining its reasons for not seeking involuntary medication on the basis of dangerousness, and whether any other basis is reasonably available that might allow forcible medication. Mr. Anderson may file a responsive brief within 14 days thereafter.

DATED this 11th day of June, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE