UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00123-APG-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| CHRISTOPHER ANDERSON, | |
| Defendant. | |

    In response to my June 11, 2015 order (Dkt. #68), the Government has confirmed that "the findings by the medical staff at FMC-Springfield that [Mr. Anderson] is not a danger to self or others for forced medication purposes make it highly unlikely" that I would order him forcibly medicated for dangerousness purposes. (Dkt. #69 at p. 7.) The Government also confirmed that it is unaware of any other bases for forcibly medicating Mr. Anderson other than to restore him to competency for trial. (*Id.*) Based on that response, I hereby find that no other basis for forcibly administering medication is reasonably available. *United States v. Hernandez-Vasquez*, 513 F.3d 908, 914 (9th Cir. 2008).

    The Government seeks to involuntarily medicate Mr. Anderson to restore him to competency to stand trial. A *Sell* hearing is required before I may grant permission do so. *Sell v. United States*, 539 U.S. 166 (2003). I will conduct a status check on **Tuesday, August 11, 2015 at 9:00 a.m.** to determine when to schedule the *Sell* hearing. Prior to that status check, respective counsel for the parties must contact their witnesses and determine their availability to attend the hearing. Counsel for the Government also shall contact the appropriate authorities at the Bureau of Prisons and United States Marshal's Office to determine how long it will take to arrange for Mr. Anderson to be returned to this district so he can attend the *Sell* hearing. Thereafter, counsel

////

shall confer and attempt to reach an agreement on a range of dates when the *Sell* hearing can be scheduled, which will be decided at the August 11 status check.

DATED this 22nd day of July, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE