# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00123-APG-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| CHRISTOPHER ANDERSON, | |
| Defendant. | |

I am evaluating the *Sell* factors in light of the evidentiary hearing I conducted.  Last year, the Ninth Circuit offered some guidance to courts in applying the first factor:

> To evaluate the first *Sell* factor, the district court should begin by considering "the seriousness of the underlying crime." . . . *Hernandez–Vasquez* provides guidance on how to analyze this question. . . . There, we held that the penalty for which the defendant could be liable if convicted is a relevant factor, and therefore "the likely guideline range is the appropriate starting point for the analysis of a crime's seriousness."

*United States v. Brooks*, 750 F.3d 1090, 1096-97 (9th Cir. 2014).  Neither of the parties has presented any evidence or argument as to what the likely guideline range would be if Mr. Anderson is convicted of the crime with which he is charged.  I have no information about Mr. Anderson's criminal history, the offense level, and any potential adjustments under the Sentencing Guidelines to calculate the likely guideline range.  Therefore, the parties shall submit short supplements explaining the likely guideline range by **November 30, 2015**.  If the parties can agree on the likely range, they may submit a joint brief.

DATED this 18th day of November, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE