**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00123-APG-PAL |
| Plaintiff, | |
| v. | **ORDER (1) DISMISSING CHARGES, (2) STAYING DISMISSAL, AND (3) ORDERING FURTHER EVALUATION OF DEFENDANT** |
| CHRISTOPHER ANDERSON, | |
| Defendant. | (Dkt. #93) |

Defendant Christopher Anderson is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. #1.) I previously ordered Mr. Anderson hospitalized for psychological examination and treatment. (Dkt. #62.) The Bureau of Prisons diagnosed Mr. Anderson with schizophrenia. The Government requested that Mr. Anderson be involuntarily medicated to restore him to competency so he may stand trial. I denied that request. (Dkt. #87.) The Government now requests that I order Mr. Anderson to undergo further psychiatric examination under 18 U.S.C. § 4246, to determine whether hospitalization is necessary due to a mental illness which, if he is released, "would create a substantial risk of bodily injury to another person or serious damage to property of another." (Dkt. #91.) Mr. Anderson moves for dismissal of the Indictment because he cannot be tried. (Dkt. #93.)

Because I will not order Mr. Anderson to be involuntarily medicated, he apparently cannot be restored to competency to stand trial. Therefore, the Indictment will be dismissed. However, dismissal is stayed and Mr. Anderson is ordered to undergo further evaluation to determine whether his release would create a substantial risk of bodily injury to another person or serious damage to property.

Because Mr. Anderson has been deemed incompetent to stand trial, he is subject to the provisions of 18 U.S.C. § 4246. *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1030 (9th Cir.

2009).  When Mr. Anderson was previously evaluated for competency under § 4241, the examining doctor did not conduct a dangerousness evaluation under § 4246.  Rather, the doctor evaluated only whether Mr. Anderson was a danger within the prison facility in which he was being held.  A § 4246 evaluation focuses on the defendant's potential danger to society upon release.  It is based upon the important concerns of protecting society from dangerous criminal defendants and treating and controlling dangerous persons. *United States v. Sahhar,* 56 F.3d 1026, 1028-1209 (9th Cir. 1995).  Those concerns would be undermined if Mr. Anderson was not evaluated to determine whether he will be a danger to society upon release. *Godinez-Ortiz*, 563 F.3d at 1031-1032.

IT IS THEREFORE ORDERED that Mr. Anderson's motion to dismiss **(#93) is GRANTED IN PART** and the **Indictment is DISMISSED**.  However, **dismissal is STAYED** pending the § 4246 evaluation as set forth in this Order.

IT IS FURTHER ORDERED that in accordance with 18 U.S.C. §§ 4246 and 4247, the United States Marshals Service shall forthwith transport defendant Christopher Anderson to a suitable BOP facility for psychiatric or psychological evaluation to determine whether he "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." **Given the length of time Mr. Anderson has been undergoing evaluation by the Bureau of Prisons' doctors regarding his competency, the court respectfully requests that the Bureau of Prisons provide expedited designation, and that the U.S. Marshals Service make every effort to expedite Mr. Anderson's transportation to the designated BOP facility.**

IT IS FURTHER ORDERED that defendant Christopher Anderson shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the court upon a showing of good cause by the Director of the facility or pursuant to other appropriate motion for a period of up to 30 additional days. 18 U.S.C. § 4247(b).

1   IT IS FURTHER ORDERED that the examination conducted pursuant to this Order be conducted by one or more licensed or certified psychiatrists or psychologists. 18 U.S.C. § 4247(b).

IT IS FURTHER ORDERED that within 45 days from the date of entry of this Order, or such additional period as may be ordered by the court, the Director of the facility at which the examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological report and shall submit that report to (1) the Clerk of the United States District Court for the District of Nevada, (2) Andrew W. Duncan, Assistant United States Attorney, and (3) Shari L. Kaufman and Rebecca A. Levy, Federal Public Defenders, counsel for defendant.

IT IS FURTHER ORDERED that if the Director of the facility at which the examination has been conducted certifies that Mr. Anderson is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of Mr. Anderson are not available, then the Director shall transmit that certificate to the clerk of the court for the district in which Mr. Anderson is confined.

IT IS FURTHER ORDERED that the clerk of the court shall forthwith serve a copy of this order on the U.S. Marshal Service.

IT IS FURTHER ORDERED that a status hearing is set for **May 24, 2016 at 11:00 a.m.**, in Courtroom 6C.

DATED this 21st day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE